HONORABLE ROSANNA MALOUF PETERSON

MICHAEL E. McFARLAND, JR., #23000
CHRISTOPHER J. KERLEY, #16489
THOMAS B. ROHRER, #52570
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendants City of Spokane and Gregory Lebsock

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

QUANAH M. SPENCER,

                              Plaintiff,

vs.

CITY OF SPOKANE, a municipal
corporation in and for the State of
Washington; GREGORY PAUL
LEBSOCK, in his individual and official
capacities; SPOKANE COUNTY, a
municipal corporation and political
subdivision of the State of Washington;
and CASEY A. EVANS, in his
individual and official capacities,

                              Defendants.

Case No.  2:19-cv-00100-RMP

DEFENDANTS' LCivR
56(c)(1)(C)REPLY
STATEMENT OF MATERIAL
FACTS

        Defendants CITY OF SPOKANE and GREGORY PAUL LEBSOCK
("Defendants") hereby submit the following statement of facts pursuant to LCivR
56.1(c).

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

| Defendants' Initial Facts | Plaintiff's Response |
|---|---|
| 18.   On September 20, 2017, Mr. Kandratowicz sent Gwen Spencer and email with a copy of Judge Moreno's Purported Order that was dated September 15, 2017. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 19.  On September 21, 2017, Mr. Kandratowicz emailed Gwen Spencer a purported letter from Digital Foresnsic Corp. The letter included alleged authentication results regarding the alleged fraudulent call to STCU. *Id.* On September 26, 2017, Mr. Kandratowicz told the Spencers that Crystal Balcom was the fraudulent caller. Ms. Balcom was an employee of PYK. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 20.   On October 17, 2017, Mrs. Norton spoke to Ms. Heinen-Varner regarding the garnishment. Ms. Heinen-Varner stated that BNSF had received the Purported Order. Ms. Norton requested a copy, which Ms. Heinen-Varner agreed to fax. Ms. Norton told Ms. Heinen-Varner that there was no such permanent injunction filed with the court. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 33.  On December 8, 2017, Det. Lebsock executed a warrant on Chase Paymentech, LLC, regarding the $3.27 transaction used to pay for the fax of the Purported Order. On December 19, 2017, Det. Lebsock received the requested information. Det. Lebsock determined the card was associated with Montana Federal Credit Union. On December 19, 2017, Det. Lebsock performed a database search that showed the Spencers phone had a 406 area code, natural to Montana, and that their home address was in Missoula. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

| | |
|---|---|
| 34. On December 20, 2017, Crystal Balcom filed a complaint with the SPD. Ms. Balcom claimed that the Spencers had filed a false police report against her and PYK. She stated that the identity theft accusations against her and PYK were false. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 35. On December 21, 2017, Det. Lebsock executed a search warrant on Montana Federal Credit Union regarding the Master Card used to purchase the fax of the Purported Order. Det. Lebsock received a bank statement regarding the Spencers' account, which reflected the purchase at the UPS Store on October 26, 2017. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 37. On December 27, 2017, the Spencers, via letter, terminated Mr. Kandratowicz as their attorney. The Spencers stated they were unaware of the garnishment order issued by Judge Moreno on November 30, 2017, and were concerned Mr. Kandratowicz had been dishonest and fraudulent. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 38. On December 28, 2017, the Spencers filed bar complaints against Mr. Kandratowicz. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 48. On January 13, Det. Lebsock reviewed the police report filed by Crystal Balcom on December 20, 2017. Through his review, Det. Lebsock determined that Quanah Spencer faxed the Purported Order to BNSF on August 14, 2017. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 57. On January 29, 2018, Det. Lebsock executed a search warrant on Mr. Kandratowicz's seized laptop. The same day, the SPD's Technical Assistance | **Undisputed.** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

| | |
|---|---|
| Response Unit conducted a forensic analysis which revealed over 300,000 images. From February 14, 2018 till February 15, 2018, Det. Lebsock reviewed the documents. Of significance was page 2 of the Purported Order dated July 28, 2017, and legal pleadings and correspondence related to Q. Spencer Law, including court orders and other pleadings stamped by the clerk of the court. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | |
| 58.    On January 31, 2018, Det. Lebsock executed a search warrant regarding Mr. Kandratowicz's Google email account. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 62.    On February 26, 2018, the Spokane County Prosecuting Attorney dismissed the forgery charge against Mr. Spencer without prejudice. Charges have not been filed against Gwen Spencer and have not been refiled against Quanah Spencer. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |
| 64.  On March 15, 2018, Det. Lebsock reviewed email correspondence between the Spencers and Mr. Kandratowicz. Det. Lebsock states that emails between the Spencers and Mr. Kandratowicz "are deceptive toward each other. Det. Lebsock further stated that:    **"Kandratowicz sent messages which were clearly not true as to his actions he was alleging to have taken in court, and his fabrication of Crystal Balcom as being the fraudulent caller to STCU. The Spencers are deceptive in their messages to Kandratowicz regarding, "…money being taken by a female impersonating Gwen."** *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

| 68. On January 25, 2019, Mr. Kandratowicz entered a guilty plea as to two counts of forgery and one count of second degree identity theft. *See Declaration of Gregory Lebsock in Support of Defendants' Motion for Summary Judgment,* ECF 0028. | **Undisputed.** |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS

Defendants object to Plaintiff's statement of facts offered in opposition to Defendants' Motion for Summary Judgment. The vast majority of Plaintiff's facts are not framed as factual statements, but rather as argumentative assertions and conclusory statements without any evidentiary support. "The evidence presented by both the moving and non-moving parties must be admissible." *Newkirk v. ConAgra Foods, Inc.,* 727 F. Supp. 2d 1006, 1033 (E.D. Wash. 2010), *aff'd* 438 Fed. Appx. 607 (9th Cir. 2011) citing Fed.R.Civ.P. 56(e). Furthermore, the court will not presume missing facts, and non-specific facts in affidavits are not sufficient to support or undermine a claim. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888-89, 110 S.Ct. 3177, 111 L.E.2d 695 (1990). "Conclusory statements without factual support are insufficient to defeat a motion for summary judgment." *Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1103 (9th Cir. 2008).

A number of the assertions made by Plaintiff are not material to Plaintiff's claims. The "alleged" facts cited by Plaintiff are not reasonably related to a 42 U.S.C. § 1983 claim, but rather, a claim of negligence. "A genuine issue for trial

exists only if 'the evidence is such that a reasonable jury could return a verdict' for the party opposing summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249. Further, the majority of Plaintiff's assertions below are not supported by the record, but rely on inference and/or speculation. As a general assertion, Defendants are not responding to Mr. Spencer's arguments and statements regarding hearsay, as these are not factual assertions but rather procedural arguments. As another general assertion, it is the responsibility of the Spokane County Prosecutor's office as to whether charges are filed against a particular subject. As such, Defendants will not address arguments offered by Plaintiff claiming that Defendants had a responsibility to file charges against Mr. Kandratowicz.

## QUALIFIED IMMUNITY

In his statement of facts, Mr. Spencer argues the need for additional discovery prior to responding. Det. Lebsock objects to Mr. Spencer's "facts" related to the status of discovery. Further, as the Court is aware, Det. Lebsock has

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 6

the right to have the decision on qualified immunity resolved at the earliest stage possible. By design, the issue of qualified immunity is usually resolved "long before trial." *See Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam). The Supreme Court has repeatedly stressed the importance of deciding qualified immunity "at the earliest possible stage in litigation" in order to preserve the doctrine's status as a true "*immunity from suit* rather than a mere defense to liability." *See id.* at 227, 112 S.Ct. 534 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Early determination is often possible "because qualified immunity most often turns on legal determinations, not disputed facts." *Sloman v. Tadlock*, 21 F.3d 1462, 1468 (9th Cir. 1994). In addition, courts are now empowered to address the two prongs in whichever order would expedite resolution of the case. *See Pearson*, 555 U.S. at 236–39, 129 S.Ct. 808 (noting that it is frequently "quick[er] and easi[e]r" to determine whether a constitutional right was clearly established than whether it was violated), *overruling Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Qualified immunity is meant to "spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Qualified

REPLY STATEMENT OF MATERIAL FACTS - page 7

immunity is "an entitlement not to stand trial or face the other burdens of litigation," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), and one of its purposes "is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). The Supreme Court has repeatedly explained that, when possible, discovery should be delayed until qualified immunity is resolved. *Harlow*, 457 U.S. at 818; *Mitchell*, 472 U.S. at 526 (recognizing that "even such pretrial matters as discovery are to be avoided if possible" before resolution of qualified immunity); *Crawford–El v. Britton*, 523 U .S. 574, 597–98 (1998) ("[T]he trial court must exercise its discretion [to limit discovery under Federal Rule of Civil Procedure 26(c) ] in a way that protects the substance of the qualified immunity defense ... so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.").

## PLAINTIFF'S STATEMENT OF FACTS AND DEFENDANTS' RESPONSE

1. **Plaintiff's Fact #1:** Mediation was ordered in the underlying civil case in Spokane County Superior Court, and which is recorded in the case file for Spokane County Superior Court Case No. 15-2-03565-3, and this information was contained in the record at the time it was reviewed by Defendants, and this fact should have been noted. The opportunity to

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

participate in a court ordered mediation was never conveyed to the Spencers, and there is no record of any mediation taking place in the Superior Court record. ECF No. 33; ECF No. 34-1; ECF No. 34-8.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 1 as irrelevant. ER 402.  Defendants do not dispute that mediation was ordered and never occurred in the underlying case in Spokane County Superior Court, and that the case file for matter No. 15-2-03565-3 reflected as such and was available to Defendants. Defendants dispute that this information was not noted by Defendants. *See* ECF 0028, ¶ 10. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

2.    **Plaintiff's Fact #2:**  #2 - Defendants were motivated by bias in favor of former Spokane Police Department colleagues, and friends, Joseph and Marie Pence – each being defendants in the underlying civil matter prosecuted by Quanah and Gwen Spencer in Spokane County Superior Court Case No. 15-2-03565-3. ECF No. 34-1. Defendant Lebsock even got a puppy from the Pences, and Joseph Pence just happened to call Defendant Lebsock on January 23, 2018. ECF 28, 34.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 2 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004).  Defendants dispute that they were motivated by bias in favor of former SPD officers Joseph and Marie Pence. *See* ECF 0028, ¶ 34. Defendants

REPLY STATEMENT OF MATERIAL FACTS - page 9

do not dispute the remainder of Plaintiff's Statement of Fact No. 2. This disputed

fact is not material to the Court's determination regarding Defendants' Motion for

Summary Judgment, as the existence of probable cause makes the officers' "state

of mind" and "subjective intent" immaterial.

3.     **Plaintiff's Fact #3:**  #3 - Aaron Kandratowicz was disbarred for reasons unrelated to him forging the subject court order prior to pleading guilty and being sentenced for the felony charges relating to a forged court order. ECF No. 1-5. Defendant Spokane County and Defendant Evans failed to correct the Spokane Superior Court at sentencing when the notion that Mr. Kandratowicz would subsequently be disbarred was mistakenly stated and relied upon by the Superior Court Judge. ECF No. 1-3. Defendant City of Spokane and Defendant Lebsock possess, and have possessed, additional evidence of other crimes by Mr. Kandratowicz, but have done nothing. ECF No. 33; ECF No. 1-1; ECF No. 34-12; ECF No. 34-13. The blatant and obvious disparity between the treatment of Plaintiff Spencer as compared to Mr. Kandratowicz is evidence of the unconstitutional and unlawful conduct by Defendants causing harm and injury to Plaintiff Spencer. Id.

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact

No. 3 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory

or retaliatory intent is irrelevant in light of the judicial finding of probable cause.

See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Plaintiff's

Statement of Fact No. 3 includes allegations towards Spokane County and

Defendant Casey Evans, who are not the answering Defendants. Defendants do

not dispute that Aaron Kandratowicz was disbarred for the reasons raised by Mr.

Spencer. Defendants dispute that Mr. Spencer was

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 10

disparately treated or that Det. Lebsock and the Answering Defendants engaged in unconstitutional or unlawful conduct. *See* ECF 0026 at 6-18; ECF 0028, ¶ 16, 28-32. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

4. **Plaintiff's Fact #4:** #4 - The timing, chronology and internal inconsistency in Defendant Lebsock's Declaration (ECF No. 28) shows his conduct to be unreasonable, and him having a reckless and willful disregard for the truth. By Defendant Lebsock's own admission he did not know about any "*relationship*" Plaintiff Spencer had with Mr. Kandratowicz until after he caused, along with the other Defendants, Plaintiff Spencer to be arrested and detained. He did known that Mr. Kandratowicz was Plaintiff Spencer's attorney in relation to the forged order on Mr. Kandratowicz's pleading paper. Defendant Lebsock's Declaration shows that he did not know information that he tries to use as a basis for his unreasonable conduct until after his unreasonable conduct had taken place. ECF No. 1-1.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 4 as irrelevant. ER 402. Defendants do not dispute that Det. Lebsock knew that Mr. Kandratowicz was an attorney in relation to the Purported Order. Defendants dispute that the chronology of Det. Lebsock's Declaration is unreasonable and was developed with a reckless and willful disregard for the truth. *See* ECF 0028, ¶ 26. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

5. **Plaintiff's Fact #5:** #5 - The court file for Spokane County Superior Court Case No. 15-2-03563-3 shows that a mediation was ordered by the Superior Court, but it never took place. ECF No. 34-1. Said court file also shows that Mr. Kandratowicz did not

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 11

appear at a show cause hearing on November 30, 2017, relating to the court order forged by Mr. Kandratowicz. ECF No. 29-6.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 5 as irrelevant. ER 402. Defendants do not dispute the facts provided in Plaintiff's Statement of Fact No. 5.

6.    **Plaintiff's Fact #6:**  #6 - Gwen Spencer did receive a phone call from Danielle Reid on July 3, 2017. ECF No. 28-4, pp. 9-10.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 6 as irrelevant. ER 402. Defendant's dispute, based on the documents cited in Plaintiff's Statement of Fact No. 6, that their statement "On July 3, 2017, Gwen Spencer claimed to receive a call from Spokane Teachers Credit Union," is accurate. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

7.    **Plaintiff's Fact #7:**    #7-#16 - Defendant Lebsock recounts information that he did not receive until after he unconstitutionally and unlawfully caused harm and injury to Plaintiff Spencer, but presents it as though he had the information preceding his conduct that he alleges creates a reasonable basis for his conduct.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No.7 as irrelevant. ER 402. Defendants dispute that the factual assertions contained in Defendants' Statement of Material Facts are presented as though Det. Lebsock possessed the information prior to the investigation and arrest of Quanah

*Evans, Craven & Lackie, P.S.*

Spencer. *See* ECF 0028, ¶ 26.  Defendants dispute that Det. Lebsock engaged in unconstitutional or unlawful conduct towards Mr. Spencer. *See* ECF 0026 at 6-18; ECF 0028, ¶ 16. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment

8.    **Plaintiff's Fact #8:**  #17 **-** Sapphire Strategies did not "*tell*" the Spencers anything. Sapphire Strategies, Inc., refers to a company owned and operated by Gwen Spencer. E.g.,  ECF No. 34-4, p. 11.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 8 as irrelevant. ER 402.  Defendants do not dispute the fact.

9.    **Plaintiff's Fact # 9:**  #21 - Officer House's "*official report*" is contradicted by the written Declaration provided to him by Plaintiff Spencer prior to him writing his report; thus, his "report" is directly contradicted by what was actually given to him in writing. ECF No. 28-4. The best evidence of what was told to Officer House is what was given to him in writing in the form of a Declaration by Plaintiff Spencer. Id. Defendants acted unreasonably and recklessly by failing to properly read and comprehend the contents of the Declaration given to them by Plaintiff Spencer. Id.; ECF No. 33; ECF No. 1-1; ECF No. 34.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 9 as irrelevant. ER 402. Defendants dispute that they acted unreasonably and recklessly by allegedly failing to properly read and comprehend the contents of the Mr. Spencer's Declaration and that the best evidence provided to Officer House was Mr. Spencer's Declaration. *See* ECF 0028, ¶ 16; ECF 0028-4. This

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1

2    disputed fact is not material to the Court's determination regarding Defendants'

3    Motion for Summary Judgment

4        10.    **Plaintiff's Fact # 10:**  #22 - Plaintiff Spencer does not have a copy

5    of the referenced recording of communication between Whitny Norton and Brandi

6    Heinen-Varner. Any statements made by any person other than Defendant

7    Lebsock, as contained in his Declaration, are hearsay and not admissible. FRE
     801, 802.

8

9        **Defendants' Response:** Defendants object to Plaintiff's Statement of Fact

10   No. 10 as irrelevant. ER 402. Defendants do not dispute that Mr. Spencer does not

11
     have a copy of the referenced recording.
12

13       11.    **Plaintiff's Fact # 11:**  #23 - Plaintiff Spencer does not have a copy

14   of the referenced recording. The referenced statements are hearsay, and not

15   admissible. FRE 801, 802.

16       **Defendants' Response:** Defendants object to Plaintiff's Statement of Fact

17
     No. 11 as irrelevant. ER 402. *See* Defendants' response to Plaintiff's Statement of
18

19   Fact No. 10.

20       12.    **Plaintiff's Fact # 12:** #24 - The purported certification is not on a

21   "detached page," and it is not unusual for a two-sided document to result in a

22   separate page in the digitally scanned copy of the two-sided document, with the

23   back-side of a two-sided page becoming a separate page in the scanned copy. ECF

24   No. 34-13, pp. 27-31.

25       **Defendants' Response:** Defendants object to Plaintiff's Statement of Fact

26
     No. 12 as irrelevant. ER 402. Defendants dispute that the certification is not on a
27

28   detached page from the Purported Order and that it is not unusual for a two-sided

29

30
     REPLY STATEMENT OF MATERIAL FACTS - page 14

1
2
3

document to result in a separate page in the digitally scanned copy of the two-sided document. *See* ECF 0028, ¶ 5, 9, 16.

4
5
6
7
8
9
10

13.    **Plaintiff's Fact # 13:**  #25 - The alleged evidence of the referenced e-mail is hearsay, and not admissible in evidence. FRE 801, 802. Even if considered, it is not actually an e-mail, but rather the narrative from the Spencers provided to Defendants by Gwen Spencer under extreme duress while plaintiff Spencer was unlawfully and unconstitutionally held in jail in Missoula County. The communication referenced is from Paragraph 52 of Defendant Lebsock's Declaration (ECF No. 28), and is apparently from a recording that has not been provided to Plaintiff. The statements, as contained in Defendant Lebsock's Declaration, are hearsay and not admissible evidence. FRE 801, 802.

11
12
13
14
15
16
17
18
19
20
21

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact No. 13 as irrelevant. ER 402. Defendants do not dispute that the cited to evidence is not actually an email or that Plaintiff does not possess the recording referenced in Paragraph 52 of Det. Lebsock's Declaration. Defendants dispute that Mr. Spencer was unlawfully and unconstitutionally held in Missoula County Jail. *See* ECF 0026 at 14. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

22
23
24
25
26
27
28

14.    **Plaintiff's Fact # 14:**  #26 - The referenced filing by SAS Oregon was biased, unfounded and filed in an adversarial process, and later set aside because it was totally lacking for any support once exposed to even limited scrutiny. Moreover, the referenced pleading is hearsay and cannot be considered. FRE 801, 802. The false and self-serving statements referenced were made by the opposing party and an opposing party's attorney in the adversarial process of the underlying civil case. Any such statements are untrustworthy on their face, and they totally fall apart under any scrutiny in the present case. ECF No. 1-1.

29
30

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 15

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact No. 14 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004).  Defendants did not draft the aforementioned filing by SAS Oregon and are therefore unaware of reasoning as to why it was drafted. Defendants do not dispute that the aforementioned filing was later set aside, but are unaware as to the reasons why.

15.    **Plaintiff's Fact #15:**  #27 - ECF No. 29-6 has an obvious and significant notation made by Judge Maryann Moreno that, "*Plaintiff counsel [Aaron Kandratowicz] did not appear for hearing on Nov. 30, 2017.*" Judge Moreno also later, once the Spencers had new legal counsel, set aside the referenced order because the findings of fact and conclusions of law were erroneous and patently false when finally reviewed in a non-ex parte context. The false statements were originally presented ex parte and totally prejudiced the Spencers because Mr. Kandratowicz failed to appear, and the statements were made by a party with reason to attack Plaintiff Spencer with bias and a lack of fairness because they were adversaries in litigation. The referenced order exposes the risks to fairness and justice when such matters are handled ex parte, and with the Spencers having no notice or due process relating to the material presented to the Spokane County Superior Court, or any notice or due process relating to the actions of the Spokane County Superior Court.

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact No. 15 as irrelevant. ER 402. Defendants do not dispute that the findings in Judge Moreno's Order dated December 1, 2017 were set aside at a later date or that Judge Moreno's order provided that Aaron Kandratowicz

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 16

did not appear at the November 30, 2017 hearing. Defendants did not draft the aforementioned filing by SAS Oregon and are therefore unaware of reasoning as to why it was drafted. Defendants are not addressing the remainder of Plaintiff's Statement of Fact No. 15 as it does not contain factual assertions and includes arguments and speculation as to ex parte proceedings.

16.     **Plaintiff's Fact #16:**  #28 - Superior Court Judge Maryann Moreno directly contradicted the report made by SPD Officer Craig Butler, and stated that the language used by Officer Butler described events that she says never happened. ECF No. 34-10. The referenced statements are hearsay and are not admissible evidence. FRE 801, 802.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 16 as irrelevant. ER 402. Defendants do not dispute that Judge Moreno later contradicted the report made by SPD Officer Craig Butler.

17.     **Plaintiff's Fact #17:**  #29 - The facts surrounding Defendant Lebsock being assigned to investigate have not been provided to Plaintiff Spencer, and discovery on this matter is needed for a fair opportunity to respond. The assignment is also of particular concern because Defendant Lebsock is apparently a "Major Crimes" detective, and Mr. Kandratowicz ended up being handled with "kid gloves" by Defendants. Upon assignment, the most obvious and reasonable thing for Defendant Lebsock to do was to contact the attorney that failed to appear at the hearing on November 30, 2017, relating to the subject forged order – the attorney, Mr. Kandratowicz, that had his firm name ¶on the page, and was to have presented the order. Faxing a court document given to you by your attorney, accompanied by a history of false statements and fabrications made by such attorney in support of the document being genuine, is not a crime, and is not even an element of a crime. Defendants have evidence of criminal conduct perpetrated against the Spencers by Mr. Kandratowicz, yet they have done nothing with it. Defendants    also    have    evidence    of    Mr.

REPLY STATEMENT OF MATERIAL FACTS - page 17

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Kandratowicz stealing the identity of a person by the name of Igor Shorokhov, and forging a related letter, but have done nothing with it. ECF No. 34-12.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 17 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute that Mr. Kandratowicz was handled with "kids gloves," as opposed to Mr. Spencer. *See* ECF 0028, ¶ 28-32. Defendants dispute that the "most obvious and reasonable thing," for Det. Lebsock to do was to contact Mr. Kandratowicz. *See* ECF 0028-6; ECF 0028, ¶ 16. Defendants dispute that submitting a forged court document to an employer for the financial and legal benefit of the person submitting the order is not an element of a crime. *Id.*

18.    **Plaintiff's Fact #18:**  #30 - The referenced statements of Rebecca Berger are hearsay, and not admissible. FRE 801, 802. In any event, Ms. Berger's alleged statements are apparently known only to Defendant Lebsock, and Plaintiff has had no opportunity to receive sufficient answers and responses to the written discovery propounded to Defendants, or to take any depositions to obtain sworn testimony regarding the purported facts presented by Defendant Lebsock and Defendant City of Spokane.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 18 as irrelevant. ER 402. Defendants do not dispute that Plaintiff has not received evidence regarding Ms. Berger's statements, nor have they taken any depositions to obtain sworn testimony regarding the

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 18

facts presented by Defendants. For the reasons set forth in Defendants' response to Plaintiff's FRCP 56(d) motion, Defendants dispute Plaintiff's claimed need for such discovery.

19.    **Plaintiff's Fact #19:**  #31 - In the civil case file for the underlying civil case in Spokane County Superior Court with Case No. 15-2-03565-3, as of December 8, 2017, were files and records inculpating Aaron Kandratowicz, and exculpating Plaintiff Spencer. ECF No. 1-1; ECF No. 29-6, p. 8. A reasonable detective, not set on targeting Plaintiff Spencer based on unlawful and discriminatory bias, would have reviewed and known of the evidence in the subject file inculpating Mr. Kandratowicz, and exculpating Plaintiff Spencer, as of December 8, 2017.

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact No. 19 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute that the civil case file for Case No 15-2-03565-3 exculpates Mr. Spencer. ECF 0028-6; ECF 0028, ¶ 16. Defendants dispute that Det. Lebsock acted unlawfully or discriminatory or that he did not review and know the evidence in the aforementioned civil case file. *See* ECF 0028, ¶ 10, 16.  This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

20.    **Plaintiff's Fact #20:**  #32 - The referenced statements made by Spokane County Superior Court Clerk Tim Fitzgerald are hearsay, and are not admissible. FRE 801, 802. Moreover, Plaintiff

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Spencer has not received any material or information in discovery in this case, and has not had the opportunity to take any depositions, to include of those persons referenced in Defendants' present motions and related material.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 20 as irrelevant. ER 402. Defendants do not dispute that Plaintiff has not yet received evidence pursuant to discovery regarding Ms. Berger's statements, nor have they taken any depositions to obtain sworn testimony regarding the facts presented by Defendants. For the reasons set forth in Defendants' response to Plaintiff's FRCP 56(d) motion, Defendants dispute Plaintiff's claimed need for such discovery.

21.    **Plaintiff's Fact #21:** #36 - Defendants are again relying on "e-mail" that is actually just the contents of a narrative provided to Defendants by Gwen Spencer while under extreme duress because Plaintiff Spencer was being unlawfully held in jail in contravention of his constitutional rights – and after he was supposed to be released by order of a Missoula County judge. This material does show however, that Defendants were aware that it was Mr. Kandratowicz that had likely committed criminal acts and not Plaintiff Spencer.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 21 as irrelevant. ER 402. Defendants do not dispute that the cited evidence is not actually an email, but rather from a narrative drafted by Gwen and Quanah Spencer or that the materials show that Mr. Kandratowicz likely committed criminal acts. Defendants' dispute that Mr. Spencer was unlawfully and unconstitutionally held in Missoula County Jail. *See* ECF 0026 at 14. This disputed

fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

22.    **Plaintiff's Fact #22:**  #39 - Defendants knew, or should have known, prior to January 5, 2018, that Plaintiff Spencer was represented by new legal counsel, and that there was even further reason to investigate Mr. Kandratowicz, and that Plaintiff Spencer posed no risk whatsoever to fail to respond to reasonable contact from law enforcement – Plaintiff Spencer had a new attorney and Defendants knew it. ECF No. 1-1; ECF No. 34-3.  Defendant Lebsock even received a business card from Plaintiff Spencer's new counsel on December 28, 2017. ECF No. 1-1.

The "*judgment*" against the Spencers was the result of Mr. Kandratowicz's malpractice and criminal conduct. ECF No. 34-8. It was entered after SAS Oregon prevailed on a motion for summary judgment and received an award for prevailing party attorneys' fees, with the Spencers never even having known about the motion for summary judgment against them, or the grant of summary judgment in favor of the defendants in the underlying civil case. The Spencers also had no notice or knowledge of the court-ordered mediation (which never happened to their extreme prejudice), or of an offer made by the defendants to settle prior to summary judgment, all because Mr. Kandratowicz did not inform the Spencers. Id.; ECF No. 33; ECF No. 34; ECF No. 34-8. This is why the fact that Mr. Kandratowicz failed to appear at the November 30, 2017, hearing as noted in Judge Moreno's order from that date is so important if a person is acting reasonably – something Defendants here knew about, or should have known about if acting reasonably and without malice. ECF No. 29-6.

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact No. 22 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants do not dispute that Det. Lebsock received a business card from Mr. Poole on December 28, 2017. Defendants do not dispute that

REPLY STATEMENT OF MATERIAL FACTS - page 21

Mr. Kandratowicz failed to notify the Spencers about mediation and settlement offers from SAS Oregon or that Mr. Kandratowicz did not appear at the November 30, 2017 hearing. Defendants are unaware as to the reasoning behind the June 27, 2017 judgment against the Spencers. Defendants dispute that they acted recklessly and with malice or that they knew or should have known Mr. Spencer was represented by new counsel. *See* ECF 0028-8 at Bate Stamp 000127. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

23. **Plaintiff's Fact #23:** #40 - As stated above, Defendants knew or should have known as of January 5, 2018, that Plaintiff Spencer had new legal counsel in the underlying civil case. ECF No. 1-1; ECF No. 33. Moreover, Spokane County Superior Court Judge Harold Clarke was presented with sworn, false statements from Defendant Evans in his Certificate in support of the application for the arrest warrant for Plaintiff Spencer. ECF No. 22-4. Defendant Lebsock's statement that Judge Clarke took it upon himself to call and have "*someone*" in Missoula County ignore the order of the Missoula County Judge releasing Plaintiff Spencer is also of serious concern, and presents a need for discovery. ECF No. 28, ¶ 20.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 23 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants do not dispute that Mr. Spencer had new legal counsel in the underlying civil case as of January 5, 2018 or that Judge Clarke took it

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 22

upon himself to call someone in Missoula County.  Part of Plaintiff's Statement of Fact No. 23 is directed at Casey Evans, who is not an answering Defendant. Defendants do dispute that they knew or should have known that Mr. Spencer was represented by new counsel before January 5, 2018. *See* ECF 0028-8 at Bate Stamp 000127. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

24.    **Plaintiff's Fact #24:**  #41 - Defendants did not have the referenced memorandum until after unlawfully having Plaintiff Spencer arrested, and it was only given to Defendants under extreme duress. ECF No. 33; ECF No. 1-1; ECF No. 28, ¶ 26. It has been objectively proven that Mr. Kandratowicz did mislead the Spencers. ECF No. 33; ECF No. 1-1; ECF No. 34.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 24 as irrelevant. ER 402. Defendants do not dispute that they did not possess the referenced memorandum until after Mr. Spencer's arrest or that the memorandum reflects that Mr. Kandratowicz mislead the Spencers. Defendants dispute that Mr. Spencer's arrest was unlawful, as it was based upon probable cause as determined by the Court. *See* ECF 0026 at 6-18; ECF 0028, ¶ 10, 16.

25.    **Plaintiff's Fact #25:**  #42, #43 -  Plaintiff has no discovery relating to Defendant Lebsock's relevant and pertinent investigation files, or his communication with any person(s) in Missoula County. This is again an issue of facts being stated and presented in a one-sided and incomplete fashion, with Defendants possessing them and only stating a portion, and with Plaintiff Spencer not having any of the related information; thus, there is need for relief under FRCP 56(d). The focus on the debit card, which was merely evidence of doing a lawful act – sending a fax, is evidence of Defendants

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 23

unreasonable, and failed investigation that did nothing but violate the constitutional rights of Plaintiff Spencer, and fail to pursue the actual perpetrator until after Defendants' wrongdoing exposed by Plaintiff's counsel on January 12, 2018, after notice of Plaintiff Spencer's arrest on the night of January 11, 2018.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 25 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants do not dispute that they have not provided discovery responses to Mr. Spencer. Defendants dispute that Plaintiff is not in possession of the pertinent investigation files. *See* ECF 28-1 through 28-24. Defendants dispute that Mr. Spencer's constitutional rights were violated and that the debit card transaction was "merely evidence of doing a lawful act." *See* ECF 0026 at 6-18; ECF 0028, ¶ 16. For the reasons set forth in Defendants' response to Plaintiff's FRCP 56(d) motion, Defendants dispute Plaintiff's claimed need for such discovery.

26. **Plaintiff's Fact #26:** #44, #45 - Defendants fail to identify the "*someone*" that informed Defendant Lebsock that Plaintiff Spencer had been released, and the employment of the person is even presented in a vague manner as being "*either*" the Missoula County Jail or the Missoula County Police Department. Plaintiff Spencer is entitled to discovery into this/these contacts with persons in Missoula, Montana. Plaintiff Spencer is also entitled to discovery into the contact and communication between Defendant Lebsock and Spokane County Superior Court Judge Harold Clarke. Defendants apparently know the business of Judge Clarke, with Defendants relying on "*Judge Clarke then contacted an individual . . . .*" Defendant Lebsock's claimed "*belief*" at this point is contradicted by information he had in his possession, but he

either unreasonably or intentionally elected to ignore. Defendant Lebsock knew, or should have known if acting reasonably and without malice, that Plaintiff Spencer should not have been arrested, taken into custody, and detained in jail. ECF No. 33; ECF No. 1-1; ECF No. 34.

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact No. 26 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants do not dispute that they do not identify the "someone" mentioned in Plaintiff's Statement of Fact No. 26. Defendants dispute that discovery regarding this contact would negate their arguments in favor of Summary Judgment. *See* Defendants' Reply Memorandum in Support of Summary Judgment. Defendants dispute that they know, or claim to know, the business of Judge Clarke. *See* ECF 0028, ¶ 20. Defendants dispute that Defendant Lebsock's acted with malice, or had a belief that was contradictory, or that he unreasonably or intentionally ignored information in his possession. *See* ECF 0026 at 6-18; ECF 0028, ¶ 16. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

27.    **Plaintiff's Fact #27:**   #46 - Defendants fail to acknowledge that it was not until after legal counsel for Plaintiff Spencer exposed their wrongdoing that they finally initiated any effort to investigate Mr. Kandratowicz. ECF No. 33; ECF No. 1-1; ECF No. 34. By Defendants' own admissions they treated Mr. Kandratowicz in a disparate manner, to the

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

unlawful discrimination of Plaintiff Spencer. Phone calls and polite house visits are far from the extreme measures taken to arrest Plaintiff Spencer in the middle of the night, especially when among the false pretext for the arrest was an apparent concern about evidence being destroyed or tampered with. The lack of concern about Mr. Kandratowicz destroying or tampering with evidence is telling, and the effort, or lack thereof, to contact Mr. Kandratowicz shows Defendants' malice, and failure to act reasonably or lawfully with regard to Plaintiff Spencer. Id.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 27 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute that they only began to investigate Mr. Kandratowicz after their "wrongdoing" was exposed. *See* ECF 0026 at 6-18; ECF 0028, ¶ 16. Defendants dispute that they engaged in any wrongdoing or that they acted unreasonably or unlawfully with regards to Mr. Spencer. *Id.* This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

28.    **Plaintiff's Fact #28:**  #47 - Spokane County Superior Court Judge Maryann Moreno does not mention anything about this contact in chambers with Defendant Lebsock when presented with a Motion to Disqualify, which she denied on February 2, 2018, without ever informing the Spencers of this contact and her commentary to Defendant Lebsock about "*weird*" behavior by party litigants, the Spencers, in a case she was presiding over, and continued to preside over. ECF No. 34-10. These statements are also hearsay, and Plaintiff Spencer has had no opportunity to conduct and complete any related discovery. What should have been "*weird*" to all involved, and with notice of the fact, was that the attorney of record, Mr. Kandratowicz, for the Spencers did not appear in court on November 30, 2017, for the show case hearing relating to the subject forged order that Mr. Kandratowicz forged. Defendants assert they did

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

not know Plaintiff Spencer was an attorney prior to January 12, 2018 – to include the searches and arrest of Plaintiff Spencer. This actually further undermines the claim that they were acting reasonably when targeting a client (Plaintiff Spencer), rather than the attorney that prepared, presented and secured the subject forged court order – with the attorney's (Kandratowicz) information listed right on the document.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 28 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants do not dispute that Judge Moreno failed to mention the contact with Det. Lebsock in the hearing held on February 2, 2018 or that Mr. Kandratowicz did not appear in court on behalf of the Spencers on November 30, 2017. Defendants dispute that the fact that they were aware that Mr. Spencer was an attorney undermines their claim that the investigation was reasonable. *See* ECF 0028, ¶ 21. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

29. **Plaintiff's Fact #29:** #49 - The referenced statements allegedly made by Mr. Datsopoulos and Gwen Spencer are hearsay, and not admissible. FRE 801, 802. Any interaction with Ms. Spencer was with her under extreme duress because Plaintiff Spencer had been arrested at night from his home and held in jail, and with him having done absolutely nothing satisfying even one element of a criminal charge. The Spencers have not had any reason to work with Defendants because Defendants are not to be trusted in relation to any of the facts at issue here, and have wantonly violated Plaintiff Spencer's constitutional rights, and nothing has been shown that Defendants would not do it

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

again if given the chance. The Spencers have provided to Defendants, by way of the public record available to all Defendants, a variety of information that actually confirms that Mr. Kandratowicz committed crimes beyond those he was charged with; yet, Defendants apparently did nothing, and have done nothing, with that inculpatory evidence. ECF No. 33; ECF No. 1-1; ECF No. 34. This further confirms the unlawful and unconstitutional conduct by Defendants. The effort to smear the Spencers further in this regard is egregious and shameful, and disregards plain facts known to Defendants that they have failed to appropriately act upon.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 29 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute that Mr. Spencer was held in jail without evidence of satisfying an element of a criminal charge and that they violated Mr. Spencer's constitutional rights. *See* ECF 0026 at 14; ECF 0028, ¶ 16. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

30.    **Plaintiff's Fact #30:** #50 - As noted previously, Defendants spin the factual chronology by referring to facts in a timeline as though they knew things earlier than they actually did, and using this twisted chronology in a self-serving and misleading manner to provide a "hind-sight" basis for their unconstitutional and unlawful conduct. Much of the information outlined by Defendants was learned on January 16, 2018, or later, after Plaintiff Spencer was unlawfully arrested and his property unlawfully searched. Defendants should not be allowed to revise history to fit their contrived, self-serving narrative. ECF No. 33; ECF No. 1-1; ECF No. 34.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 30 as irrelevant. ER 402. Whether or not

REPLY STATEMENT OF MATERIAL FACTS - page 28

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute Plaintiff's contention that the chronology of Det. Lebsock's Declaration is self-serving and misleading in order to provide basis for Defendants' conduct and that their conduct was unconstitutional and unlawful. *See* ECF 0028, ¶ 26.

31.    **Plaintiff's Fact #31:**  #51 - Defendants were aware of Plaintiff Spencer's counsel representing him prior to January 16, 2019. ECF No. 33; ECF No. 1-1. Discovery into this point may show further the response of Defendants to contact from Plaintiff Spencer's legal counsel, when Defendants were contacted on January 12, 2018. ECF No. 1-1. Defendant Lebsock knew of the representation as of December 28, 2017. Id. Defendants all should have known of the representation as of January 3, 2018. ECF No. 34-3. As is apparent from the present litigation and the record herein, the comments to Defendant Lebsock by Plaintiff Spencer's counsel were not "*threats*" because unlawful and unconstitutional conduct occurred to the injury of Plaintiff Spencer and claims against the Defendants here are fully warranted to achieve justice.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 31 as irrelevant. ER 402. Defendants dispute that Det. Lebsock was aware that the Spencers had new legal counsel as of January 5, 2018 and that their conduct was unconstitutional and injured Mr. Spencer. *See* ECF 0026; ECF 0028, ¶ 16; ECF 0028-8 at Bate Stamp 000127.  Defendants dispute that the statement by Mr. Spencer's counsel was not a threat. *See* ECF 0028, ¶ 29. This disputed fact is not

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

material to the Court's determination regarding Defendants' Motion for Summary Judgment.

32.    **Plaintiff's Fact #32:**  #52, #53 - Mere, polite knocks on the door and a few phone calls during business hours is a far cry from a team of law enforcement banging on Plaintiff Spencer's door in the middle of the night and forcefully taking him into custody and placing him in a jail cell for several days, and having him housed with actual criminals despite being completely innocent and there being no probable cause. Defendant Lebsock's plain and obvious disparate conduct with regard to Mr. Kandratowicz is plain evidence of his unreasonable and malicious effort to cause harm to Plaintiff Spencer for unlawful purposes, and in contravention of Plaintiff Spencer's civil rights.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 32 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute that they acted unreasonably, unlawfully, maliciously or without probable cause towards Mr. Spencer or that they disparately treated Mr. Kandratowicz. *See* ECF 0026 at 6-18; ECF 0028, ¶ 16, 28-32. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

33.    **Plaintiff's Fact #33:**  #54 - Plaintiff is entitled to discovery of the material Defendants possess, and under FRCP 56(d) the present motion should be continued, if it is not going to be denied on the record before the Court, until after Plaintiff Spencer gains possession of discovery and production and has had a fair and sufficient opportunity to make use of it in response to Defendants' dispositive motions.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**Defendants Response:**    Defendants object to Plaintiff's Statement of Fact No. 33 as irrelevant. ER 402. Defendants dispute that Mr. Spencer is entitled to discovery under FRCP 56(d) before this Court issues a decision regarding the pending Summary Judgment Motion. *See* Defendants Reply Memorandum in Support of Summary Judgment. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

34.    **Plaintiff's Fact #34:**  #55 - Upon scrutiny, the Affidavit of Facts at Exhibit J (ECF No. 28-10) to Defendant Lebsock's Declaration is further evidence of his unreasonably conduct and malicious effort to injure and cause harm to Plaintiff Spencer and Ms. Spencer. ECF No. 33; ECF No. 1-1; ECF No. 34.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 34 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute Plaintiff's Statement of Fact No. 34. *See* ECF 0028, ¶ 16; ECF 0028-10. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

35.    **Plaintiff's Fact #35:**  #56 – Defendants admit that they knew the Spencers presented credible and truthful information about the identity theft issue and the unlawful attempt to gain access to their bank account. Plaintiff Spencer and Ms. Spencer did not claim that there was an actual theft of money occurring on the date the phone call was made and reported, and a careful reading of Plaintiff Spencer's declaration given to Defendant City of

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 31

Spokane (via SPD) shows the error and failure on the part of Defendants to read carefully and properly process the information they received. ECF No. 28-4; ECF No. 33; ECF No. 1-1. It is false for Defendants to say that Plaintiff Spencer's declaration provided to SPD on October 23, 2017, claimed that the person on the phone with STCU impersonating Ms. Spencer attempted to move the listed funds on July 3, 2017. Id.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 35 as irrelevant. ER 402. Defendant's dispute that the facts contained in Defendants' Statement of Material Facts, ¶ 56 serves as an admission regarding the Spencers' assertions pertaining to the identity theft complaint. Defendants dispute that Mr. and Ms. Spencer did not claim that there was an actual theft of money occurring on the date the phone call was made and reported. *See* ECF 0028-4. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

36.    **Plaintiff's Fact #36:**  #59 – Leads to investigate relating to the crime involving the call on July 3, 2017, could have been developed if Defendants had properly and reasonably acted upon the report provided by Plaintiff Spencer in October of 2017. This is further evidence of discrimination of Plaintiff Spencer because Defendants took no action consistent with ever treating Plaintiff Spencer as a victim of crime. The Spencers were crime victims and Defendants knew it, or should have known it if not acting unreasonably and with deliberate indifference. ECF No. 33; ECF No. 1-1; ECF No. 34.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 36 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 32

See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute Plaintiff's Statement of Fact No. 36. *See* ECF 0026 at 6-18; ECF 0028, ¶ 16. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

37.    **Plaintiff's Fact #37:**  #60 – In light of the state of information known to Defendants on February 22, 2018, the search warrant described by Defendant Lebsock was an unlawful and unconstitutional search in violation of Plaintiff Spencer's civil rights. Defendant Lebsock's recounting of the facts relating to his review of account information, and relating to the date of July 3, 2017, and as compared to the declaration given to law enforcement by Plaintiff Spencer in October of 2017 is pure nonsense. ECF No. 33; ECF No. 1-1; ECF No. 34; ECF No. 28-4. Defendant Lebsock's account is so facially deficient it is intentionally misleading, false, corrupt and motivated by malice and discriminatory bias; at best, it is inept, unreasonable and reckless.

**Defendants' Response:**  Defendants object to Plaintiff's Statement of Fact No. 37 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants dispute Plaintiff's Statement of Fact No. 37. *See* ECF 0028, ¶ 16; ECF 0028-8. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

38.    **Plaintiff's Fact #38:**  #61, #63 – Defendants now admit that Defendant Lebsock's reference to the "*statement of facts*" was false in his Affidavit of Facts. The blatant falsity, and now convenient admission as a mere "oops," is evidence of Defendants unreasonable, unlawful and unconstitutional conduct causing injury and harm to Plaintiff

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 33

Spencer. Defendant Lebsock is unreasonably and maliciously in error in his description of his own editorialized version of the "facts" contained in his so-called Affidavit of Facts. Defendants were so clouded by their effort to discriminate against Plaintiff Spencer that they lost a grip on the facts they knew or reasonably should have known.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 38 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004). Defendants do not dispute that Defendants' Statement of Material Facts, ¶ 69 reflect self-admitted errors by Det. Lebsock. Defendants dispute that they acted unreasonable, malicious, unlawful, unconstitutional or discriminatory towards Mr. Spencer. *See* ECF 0026 at 6-18; 0028, ¶ 16, 67-70; ECF 0028-8.

39.    **Plaintiff's Fact #39:**  #65 – Defendants appear to have illegally made use of attorney-client communications as party of their investigation and prosecution, which were unlawfully obtained in violation of Plaintiff Spencer's civil rights.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 39 as irrelevant. ER 402. Defendants dispute that they have made illegal use of the cited materials contained in Plaintiff's Statement of Fact No. 39. *See* ECF 0028, ¶ 56; ECF 0028-8. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

REPLY STATEMENT OF MATERIAL FACTS - page 34

40.    **Plaintiff's Fact #40:**  #66, #67 – Defendants admit that as of April 23, 2018, they had more obvious evidence inculpating Mr. Kandratowicz and exculpating Plaintiff Spencer, yet Defendant Lebsock "doubled-down" on his wrongdoing and unlawful, dishonest behavior, and as part of his cover-up and "fix," by executing an Affidavit of Facts on May 4, 2018, that was an obvious attempt to save himself from liability to Plaintiff Spencer. Defendant Lebsock's Affidavit of Facts dated May 4, 2018, inculpates him as being liable under the claims alleged in the present case by Plaintiff Spencer. ECF No. 33; ECF No. 1-1.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 40 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004).  Defendants dispute Plaintiff's Statement of Fact No. 40. *See* ECF 0028-8. This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

41.    **Plaintiff's Fact #41:**  #69 – Defendants admit Defendant Lebsock "*made several errors*," despite his experience as a "Major Crimes" detective and many, many years of experience as a detective (apparently since 1999). It is far too convenient, with all of the facts from the outset serving-up Mr. Kandratowicz as the perpetrator of the crimes alleged against Plaintiff Spencer, for Defendant Lebsock to have made so many so-called "*errors*." Defendants' "*errors*" were absolutely material to the investigation and prosecution of Plaintiff Spencer, and they were so egregious as to be, at best, unreasonable and reckless. A pattern of these so-called "*errors*" led to the unlawful and unconstitutional searches and arrest of Plaintiff Spencer in violation of his civil rights and to his harm and injury. The admission that there were "*errors*" is far too convenient, and these so-called "*errors*" support the inference that Defendants violated Plaintiff Spencer's civil rights. ECF No. 33; ECF No. 1-1; ECF No. 34.

**Defendants' Response:** Defendants object to Plaintiff's Statement of Fact No. 41 as irrelevant. ER 402. Whether or not Defendants acted with discriminatory or retaliatory intent is irrelevant in light of the judicial finding of probable cause. See, *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588 (2004).  Defendants do not dispute that Defendants' Statement of Material Facts, ¶ 69 reflect self-admitted errors by Det. Lebsock. Defendants dispute that these errors were material to the investigation and that these errors are not evidence of unreasonable, unlawful or unconstitutional conduct. ECF 0028, ¶ 67-70.  This disputed fact is not material to the Court's determination regarding Defendants' Motion for Summary Judgment.

DATED this 17th day of September, 2019.

EVANS, CRAVEN & LACKIE, P.S.


By:  _____*s/ Michael E. McFarland, Jr.*_____
MICHAEL E. McFARLAND, JR., #23000
Attorneys for Defendants City of Spokane and
Gregory Paul Lebsock

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**<u>Counsel For Quanah M. Spencer</u>**
Ryan D. Poole
Email:          rpoole@dunnandblack.com

**<u>Co-Counsel for City of Spokane and Gregory Lebsock</u>**
Nathaniel J. Odle
Salvatore J. Faggiano
Email:          nodle@spokanecity.org
Email:          sfaggiano@spokanecity.org

**Counsel For Spokane County And Casey A. Evans**
Paul J. Kirkpatrick
Christopher C. Browning
Email:          pkirkpatrick@ks-lawyers.com
Email:          cbrowning@ks-lawyers.com

By:      _____s/ Michael E. McFarland, Jr._____
                 MICHAEL E. McFARLAND, #23000
                 Attorney for Defendants City of Spokane and
                 Gregory Paul Lebsock
                 Evans, Craven & Lackie, P.S.
                 818 W. Riverside Ave., Suite 250
                 Spokane, Washington  99201
                 (509) 455-5200
                 (509) 455-3632 Facsimile
                 MMcFarland@ecl-law.com

REPLY STATEMENT OF MATERIAL FACTS - page 37